HIRAM BERKEY

*v.*

GEORGE B. JUDD, *et al.*

The plaintiff sues the defendants as surviving partners of the firm of J. W. & Co., and does not pray for, or seek individual relief against either, *Held :* that a portion of the complaint charging one of the defendants with having received and retained money belonging to a firm, of which the plaintiff, the defendants and others had been members, was properly stricken out as immaterial.

It appears from the complaint that plaintiff was a member of the firm of Judd, Walker & Co., composed of the plaintiff, the said defendants and one Albert H. Judd ; that said firm was dissolved, and plaintiff sold out his interest therein to the other members of the firm, who continued the business under the same firm name ; that Albert H. Judd is now deceased. Plaintiff brings his action against said defendants as surviving partners of said last named firm, and demands judgment against them for a sum specified, and for other relief, but does not ask for any separate judgment or relief against either defendant.    Plaintiff states in his complaint, among other things, that certain real estate belonging to the first mentioned firm, was sold by said firm before its dissolution, and alleges, " that the purchase price of said lands was received by the defendant, Orange Walker, at the time of said sales, but that he did not pay nor account for the same, nor any part thereof, to said partnership of which this plaintiff was a member." A motion was made, in the District Court for Washington

County, to strike out that portion of the complaint above quoted, which was granted, and from the order granting the same, the plaintiff appeals to this Court.

Cornman and Stickney, for Appellants.

The Court below erred in allowing the motion of respondents to strike out part of complaint, for the reason that the allegations so stricken out were material and relevant, and contained statement of facts which affect the amount which the appellant is entitled to recover from respondents. *Chase vs. Garvin,* 1 *App.,* 211 ; *Root vs. Foster,* 9 *How. Pr. R.,* 37.

W. M. McCluer, for Respondents.

I.—The clause stricken out charges nothing against the defendants, nor even against the firm of Judd, Walker & Co. ; it is the individual act or delinquency of but one of the defendants that is alleged, and not affecting the other defendant, of course cannot be litigated in this action.

II.—The allegation is wholly immaterial. If denied by defendants, evidence to support it would not be admissible; and were it proved upon the trial, the fact could have no influence, and would be entitled to no consideration upon any question involved in the cause of action in which the allegation occurs.

*By the Court.*—Wilson, Ch. J.—The defendants are sued as surviving partners of the firm of Judd, Walker & Co. No separate relief being prayed for, or sought, no judgment can be rendered against either of the parties in his individual capacity. The plaintiff does not here sue for the debts due the old firm of Judd, Walker & Co., of which he was a member, nor could he maintain such suit in his individual capacity

without joining as plaintiffs or defendants the other members of said firm. Nor can the defendants as surviving members of the second firm of Judd, Walker & Co., be held liable for the individual debts or delinquencies of either member of said firm. We are unable to see, therefore, that the matter stricken from the complaint is material in any point of view. The order appealed from is affirmed.